UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:25-CR-43-TAV-JEM |
| REGAN DARBY PRATER, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Regan Darby Prater's Unopposed Motion to Continue the Plea Deadline and Trial Date [Doc. 22], filed on September 18, 2025.

Defendant requests the Court to continue the plea deadline, set for September 22, 2025, and the trial date set for October 28, 2025 [*Id.*]. In support of the motion, defense counsel states that Defendant made his initial appearance on April 24, 2025, and an initial discovery disclosure was made soon after [*Id.* ¶ 2]. Defense counsel states that since then, there have been multiple other disclosures, each voluminous, as the investigation spanned many years [*Id.*]. The discovery includes a phone extraction of Defendant's cellphone, which contains thousands of messages [*Id.*]. Defense counsel requests more time to discuss the contents of the phone with Defendant, who is in remote custody in Laurel County, Kentucky [*Id.*]. Further, the Government has indicated there may be additional charges on a superseding indictment [*Id.*]. Defense counsel states that both parties are involved in good faith discussion about the resolution of the case, but that all of the charges involved are unusual and carry significant consequences [*Id.*]. Defense counsel needs the additional time to discuss a possible resolution and consult with Defendant [*Id.*]. Defendant

understands that the period of time between the filing of this motion for continuance and a rescheduled trial date shall be fully excludable for speedy trial purposes [*Id.* ¶ 4]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 5].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel needs for more time to review, discuss, and evaluate discovery with Defendant, consider a plea agreement, and otherwise prepare for trial. The Court finds that all of this cannot occur before the October 28, 2025 trial date.

The Court therefore **GRANTS** Defendant Regan Darby Prater's Unopposed Motion to Continue the Plea Deadline and Trial Date [**Doc. 22**]. The trial of this case is reset to **April 14, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on September 18, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Regan Darby Prater's Unopposed Motion to Continue Plea Deadline and Trial Date [**Doc. 22**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **April 14, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **September 18, 2025**, and the new trial date of **April 14, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 13, 2026**;

(5) the deadline for filing motions *in limine* is **March 30, 2026**, and responses to motions *in limine* are due on or before **April 7, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 31, 2026, at 11:00 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 3, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge